NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARA KAHL, JOYCE PANGELINAN, and JOSEPH HERRERO, *on behalf of themselves and all others similarly situated*, <br><br>            Plaintiffs, <br><br> v. <br><br> UNITED STATES FIRE INSURANCE COMPANY, <br><br>            Defendant. | Civil Action No. 21-10359 (SDW) (JRA) <br><br> **OPINION** <br><br> April 18, 2022 |

**WIGENTON**, District Judge.

Before this Court is Defendant United States Fire Insurance Company's ("Defendant") Motion to Dismiss Plaintiffs Sara Kahl, Joyce Pangelinan, and Joseph Herrero's (collectively, "Plaintiffs") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are residents of Utah and Washington state who purchased group travel insurance plans ("Plans") from Defendant in 2019, through tour operators associated with Defendant. (*See* Compl. ¶¶ 1–2, 8–10, 55, 66.) Prior to departure, the tour operators canceled Plaintiffs' trips due to COVID-19 travel restrictions. (*See id.* ¶ 45.)

Plaintiffs' Plans were governed by a "Master Policy" that Defendant allegedly issued "from its administrative offices at 5 Christopher Way, Eatontown, New Jersey to a trust it formed" at the same address to serve as the policyholder ("Policyholder Trust" or "Trust"). (*Id.* ¶¶ 3, 16.)[1] The Plans included a variety of coverages "for losses that could arise either pre- or post-departure." (*Id.* ¶ 2.) Plaintiffs characterize the multiple coverages as a "bundle," (*id.*), while Defendant characterizes each Plan as "a single indivisible contract for a single indivisible price for each insured," (D.E. 9-2 at 2). Plaintiffs allege that when their trips were canceled, Defendant "failed to refund premiums attributable to post-departure coverages that were unearned," in violation of N.J.S.A. § 17:29C–4.1. (Compl. ¶ 2.)

Accordingly, Plaintiffs filed this lawsuit on April 28, 2021, asserting claims for violations of N.J.S.A. § 17:29C–4.1 (Count I) and the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8–1 *et seq.* (Count II), and common law claims for unjust enrichment (Count III), breach of contract (Count IV), and breach of the duty of good faith and fair dealing (Count V). (Compl. ¶¶ 79–108.) Defendant subsequently filed the instant motion to dismiss, and the parties timely completed briefing. (D.E. 9, 11, 13.)

## II.   **LEGAL STANDARDS**

Subject matter jurisdiction establishes a court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or

---

[1] A group insurance policy is generally a three-party contract among (1) the insurer, (2) an employer or other central entity that serves as the policyholder for the master policy, and (3) a group of individual insureds who are connected to the central entity and receive certificates of insurance under the policy. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 804 (7th Cir. 2020) (citations omitted); *Suskind v. N. Am. Life & Cas. Co.*, 607 F.2d 76, 81 (3d Cir. 1979).

factually. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). When a defendant challenges the court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III. DISCUSSION

Defendant moves to dismiss Plaintiffs' claims on the grounds that Plaintiffs were never New Jersey residents and did not suffer any injuries in New Jersey. (*See* D.E. 9-2 at 14–19 (citing cases dismissing actions arising out of nonresidents' out-of-state transactions where the only connection to New Jersey was defendants' headquarters).) Defendant relies on the declaration of its Vice President of Compliance, Caren Alvarado, (D.E. 9-1 ("Alvarado Decl.")), and claims that Plaintiffs purchased their travel insurance pursuant to group insurance policies issued to affiliates of EF Tours, LLC ("EF Tours") in Massachusetts. (*See* Alvarado Decl. ¶¶ 2–5; *see also* Compl. 55–57, 66–68.) In support of jurisdiction, the Complaint alleges that (1) Defendant is headquartered in New Jersey; (2) Plaintiffs' group insurance policies were issued to the Policyholder Trust, which was located in New Jersey; and (3) the governing Master Policy includes a choice-of-law provision calling for application of the law of the state where the policy was issued. (*See* Compl. ¶¶ 11, 15–18, 22.) Although Defendant contends that the group insurance policies were issued directly to affiliates of EF Tours in Massachusetts, the Complaint alleges that the travel agencies executed a "Participation Agreement" with Defendant, whereby they agreed to "participate" in the Policyholder Trust under the Master Policy. (*See id.* ¶ 19.)[2]

The primary factual issues in dispute on this motion are (1) the location of the Policyholder Trust, and (2) whether the Policyholder Trust (and not affiliates of EF Tours) was in fact the policyholder for Plaintiffs' travel insurance. The identity and location of the policyholder is essential to Defendant's Rule 12(b)(1) argument that its headquarters in New Jersey alone is insufficient to confer standing and subject matter jurisdiction.

---

[2] The Complaint also alleges that the travel agencies were Defilant's agents. (*See* Compl. ¶ 20.)

4

Plaintiffs' allegations that their policies were issued to the Policyholder Trust are based on Defendant's own Participation Agreement with EF Tours, which identifies the Trust as the policyholder and lists a New Jersey address. (*See* Alvarado Decl. ¶¶ 9–10, Ex. 4.) In support of Defendant's motion, Ms. Alvarado declares that the Participation Agreement's identification of "the 'Policyholder Address' as 5 Christopher Way, Eatontown, New Jersey 07724" was a "mistake[.]" (Alvarado Decl. ¶ 10.) Ms. Alvarado declares that the Policyholder Trust was based in Illinois and attaches its formation documents ("Trust Agreement") in support of that assertion. (*Id.* ¶¶ 6–7, Ex. 3.) Ms. Alvarado further attests that Defendant stopped using the Trust as the policyholder in January 2016 and "subsequently issued group policies directly to EF Tours." (*Id.* ¶ 11.) However, the certificates of insurance that she attaches to her declaration were issued to Plaintiffs in 2019 and they expressly identify the Trust as the policyholder. (*See id.* ¶ 5, Ex. 2.)[3] Ms. Alvarado describes these references to the Trust as "an oversight." (*Id.* ¶ 11.) Defendant effectively repudiates its prior representations in the Participation Agreement with EF Tours and in the certificates of insurance issued to Plaintiffs that the policyholder was located in New Jersey.

At this stage, without a complete record of the facts surrounding the identity and location of the policyholder for Plaintiffs' travel insurance, it is inappropriate for this Court to make the factual determinations necessary to analyze standing and subject matter jurisdiction. As Defendant admits, its "[m]otion expressly assert[s] a 'factual attack' on jurisdiction," (D.E. 14 at 1), and as the Third Circuit has stated, "in reviewing a factual attack, 'the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006)). "'If there is a dispute of a material fact, the court must conduct a plenary

---

[3] (*See, e.g.*, D.E. 9-1 at 50 and 79 (identifying the Trust as "the Policyholder" for Plaintiffs' Plans).)

hearing on the contested issues prior to determining jurisdiction.'" *Id.* (quoting *McCann*, 458 F.3d at 290) (adding that "[i]f the defendants [] had challenged the factual existence of jurisdiction, [the plaintiff] would have been required to prove [subject matter jurisdiction] by a preponderance of the evidence, after discovery"); *see also Willekes v. Serengeti Trading Co.*, Civ. No. 13-7498, 2016 WL 5334522, at *4, n.7 (D.N.J. Sept. 22, 2016). Plaintiffs did not receive such an opportunity here and state that they did not receive "policy documents supporting [Defendant's] allegations regarding the current policyholder and its location" before they filed their opposition brief. (D.E. 11 at 2 n.1.) Accordingly, this Court will deny Defendant's Rule 12(b)(1) motion without prejudice to refiling after jurisdictional fact discovery.

Defendant's Rule 12(b)(6) motion generally argues that Plaintiffs' claims must be dismissed because they rest on New Jersey law and Plaintiffs do not have standing to bring claims under the laws of New Jersey. (*See* D.E. 9-2 at 16–20.) Because Defendant's Rule 12(b)(6) motion also depends on fact determinations that this Court cannot yet make, this Court will deny Defendant's Rule 12(b)(6) motion without prejudice as well.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. Defendant may move again to dismiss the Complaint following jurisdictional fact discovery. An appropriate order follows.

                                                                                                     /s/ Susan D. Wigenton  
                                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk  
cc:          José R. Almonte, U.S.M.J.  
               Parties